# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

DISCOVER BANK

      Plaintiff,

v.                                         CASE NO.  5:04cv425-RH/WCS

DAN R. ANGELL,

      Defendant.

_____/

## ORDER AWARDING ATTORNEY'S FEES UNDER RULE 11

Plaintiff Discover Bank filed this action in Florida state court in 2003 seeking to collect the balance due on a credit card account.  After substantial litigation in state court and entry of judgment in the Bank's favor, defendant Dan R. Angell filed a notice of removal to this court.  By order dated February 7, 2005 (document 14), the action was remanded to state court, and Mr. Angell was directed to show cause why sanctions under Federal Rule of Civil Procedure 11 should not be imposed against him.  After entry of a second order to show cause (document 15), Mr. Angell responded (document 16).  I determine that attorney's fees should be awarded against Mr. Angell under Rule 11 in an amount not exceeding $2,500.

# I

A notice of removal is "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C. §1446(a).

The leading Eleventh Circuit case regarding the procedure for and standards relating to Rule 11 sanctions is *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987) (en banc).[1]  There the court said:

> Rule 11 as amended incorporates an objective standard. . . . The standard for testing conduct under amended Rule 11 is "reasonableness under the circumstances," a standard "more stringent than the original good-faith formula."

*Id.* at 1556.  Under this standard, a district court has the discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (quoting

---

[1] Rule 11 was amended in 1993, but the amendments did not affect the substance and force of *Donaldson* as precedent.  *See, e.g.*, *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996) (citing *Donaldson*).

*Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)).  Similarly, in *Baker v.*

*Alderman*, 158 F.3d 516 (11th Cir. 1998), the court said:

> Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.  Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.  Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief.

*Baker*, 158 F.3d at 524 (11th Cir. 1998) (footnotes collecting numerous cases

omitted).  In *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252 (11th Cir. 1996),

the court said:

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry.

*Worldwide Primates*, 87 F.3d at 1254.

These cases make clear that, whatever might be said of the outer limits of

Rule 11, the rule extends, at least, to the filing of a notice of removal that is

objectively frivolous, having no chance of success, as the removing party knew or would have known following reasonable inquiry.

Rule 11(c)(1)(B) provides that a court may *sua sponte* "enter an order describing the specific conduct that appears to violate [Rule 11(b)] and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."  Fed. R. Civ. P. 11(c)(1)(B).[2]

## II

Mr. Angell removed this action without any basis in law or fact.  Doing so was objectively unreasonable.  As the remand order explained:

> Although the notice of removal did not clearly specify the grounds of which Mr. Angell asserted the action was removable, his claim apparently was that the state court was proceeding in violation of the due process clause, that this was a violation of federal law, and that this authorized removal to federal court.  But a federal *defense* is not a basis for removal; removal on the basis of a federal question is authorized only if the action "arises under" federal law.  *See* 28 U.S.C. §1331.  The Bank's claim in the case at bar clearly arises only under state law, not federal law, and removal thus was not authorized on this

---

[2] Courts also have inherent power to impose reasonable and appropriate sanctions against parties before them.  *See, e.g.*, *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)).  "To exercise its inherent power a court must find that the party acted in bad faith."  *Martin*, 307 F.3d at 1335 (citing *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)).  I award sanctions in the case at bar under Rule 11, but my inherent authority also would provide a basis for the award.

basis.  Moreover, removal of a case that arises under federal law is proper only within 30 days after service of the complaint or the filing of a pleading, motion, order, or other paper from which it could first be ascertained that the action was removable.  *See* 28 U.S.C. §1446(b).  Mr. Angell missed this deadline.

  Just as clearly, removal was not authorized based on diversity of citizenship.  First, the amount in controversy does not exceed $75,000, the jurisdictional minimum for diversity jurisdiction.  *See* 28 U.S.C. §1332.  Second, Mr. Angell apparently is a citizen of Florida (the complaint so alleged, and Mr. Angell has listed his address in this court as in Florida).  A citizen of the forum state may not remove based on diversity.  *See* 28 U.S.C. §1441(b).  Third, removal based on diversity must be accomplished within the same 30 day time limit described above and, in any event, not more than one year after commencement of the action.  *See* 28 U.S.C. §1446(b).  Mr. Angell missed both the 30-day and one-year deadlines.

  In sum, removal was obviously improper.

Order of February 7, 2005 (document 14) at 2-3 (footnote omitted); *see also id.* at 5 (specifically concluding that "the notice of removal was filed in bad faith").[3]

## III

  Mr. Angell responded to the second order to show cause, asserting that the court failed to comply with the 21-day "safe harbor" provision in Rule

---

[3] In a footnote, the order noted: "If, indeed, the state court took action in violation of the due process clause, Mr. Angell's remedy was to file a timely appeal to the Florida state appellate court, not to remove the action to this court." Order of February 7, 2005 (document 14) at 2 n.1.

11(c)(1)(A);[4] that the exhibits the Bank presented are not authenticated as required

by the Federal Rules of Evidence;[5] that "[t]his court has absolutely nothing to rely

on to determine that [the attorney who has appeared in this proceeding for the

Bank] actually represents Discover Bank";[6] and that the attorney's representations

to the court are fraudulent.[7]   Mr. Angell's arguments will be addressed in turn.

First, the 21-day "safe harbor" provision of Rule 11(c)(1)(A) applies only to

a motion for sanctions initiated by an adverse party, not when the court raises a

Rule 11 issue on its own.   *Compare* Rule 11(c)(1)(A) (providing period of at least

21 days after service of motion within which challenged pleading may be

withdrawn), *with* Rule 11(c)(1)(B) (including no such provision).   As the Eleventh

Circuit has explained:

> *Court-initiated* sanctions under Rule 11(c)(1)(B) do not involve the
> "safe harbor" provision contained in Rule 11(c)(1)(A).   *In re Pennie
> & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003).   That provision
> ordinarily gives a lawyer or litigant 21 days within which to correct or
> withdraw the challenged submission.   *Id*. at 89.
>
> Because "no 'safe harbor' opportunity exists to withdraw or
> correct a submission challenged in a court-initiated proceeding," *id.*,

---

[4] Def. Resp. to Second Order to Show Cause (document 16) at 1.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.*

Rule 11's drafters commented on Rule 11(c)(1)(B)'s compensating protections: The initiating court must employ (1) a "show-cause" order to provide notice and an opportunity to be heard; and (2) a higher standard ("akin to contempt") than in the case of party-initiated sanctions.

*Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1254 (11th Cir. 2003) (emphasis in original); *see also United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (noting that when Rule 11(c)(1)(B) applies, "unlike the situation in which an opposing party moves for Rule 11 sanctions—there is no 'safe harbor' in the Rule allowing lawyers to correct or withdraw their challenged filings"); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 n.2 (4th Cir. 2004).

*Donaldson* makes clear that due process is the governing concern for entry of Rule 11 sanctions:

No set rule can be stated to govern all Rule 11 cases; the standard is necessarily flexible to cover varying situations. The specific dictates of due process will be determined by the interaction of several factors. These factors include but are not limited to: the interests of attorneys and parties in having a specific sanction imposed only when justified; the risk of an erroneous imposition of sanctions under the procedures used and the probable value of additional notice and hearing; and the interests of the court in efficiently monitoring the use of the judicial system and the fiscal and administrative burdens that additional procedural requirements would entail. Providing due process will ensure that Rule 11 will not be applied arbitrarily, that erroneous application of the rule will be minimized, and that creative legal arguments and vigorous advocacy will not be stifled.

*Donaldson v. Clark*, 819 F.2d 1551, 1558 (11th Cir. 1987) (en banc) (footnote omitted); *see also id.* at 1559-60 ("Due process requires that the attorney (or party where applicable) has fair notice of the possible imposition of Rule 11 sanctions and of the reasons for their imposition.").  Further, "[a]n attorney or party should be given early notice that his or her conduct may warrant Rule 11 sanctions. . . . The accused must be given an opportunity to respond, orally or in writing as may be appropriate, to the invocation of Rule 11 and to justify his or her actions."  *Id.* at 1560.  A hearing is not necessarily required: "When an attorney has failed to present necessary factual support for claims despite several opportunities to do so, for example, further hearing on the sanctions issue may well be not only unnecessary but also a waste of judicial resources."  *Id.* at 1561.  Finally, "[t]he more serious the possible sanction both in absolute size and in relation to actual expenditures, the more process that will be due."  *Id.*

Mr. Angell was afforded a full and fair opportunity to address the issue of sanctions.  The procedures that have been followed accord in all respects with Rule 11.

Mr. Angell next asserts that most of the documentary evidence the Bank presented relating to the state court case is not authenticated as required by the Federal Rules of Evidence and thus must be ignored.  But no legitimate issue has

been raised concerning the authenticity of any document relevant to the remand decision, and, indeed, Mr. Angell himself provided many of the exhibits relating to the underlying state court case against him.  *See* Exhibits to Def. Rule 60(b) Mot. to Vacate (document 5) (providing over 100 pages of pleadings from the state court file in this case, including signed pleadings and, in some cases, notarized or certified copies of pleadings).  Moreover, upon removal, papers filed in state court must be filed in the federal court and become part of the federal record.  *See* 28 U.S.C. §1446(a).  A federal court addressing the appropriateness of a removal of course may consider copies of the state filings as submitted to the federal court in connection with the removal.  Mr. Angell's contrary contention is plainly wrong.

Finally, Mr. Angell challenges the authority of the attorney who has appeared in this action for the Bank and accuses that attorney of making fraudulent representations to the court.  But Mr. Angell has provided not a shred of support for the assertion that any fact on which this court relied in deciding the remand issue was incorrect in any respect, let alone fraudulent.  To the extent Mr. Angell challenges the Bank's position on the merits of the underlying dispute, that of course is completely irrelevant to the issue of whether this case was properly removed.

Mr. Angell has failed to come to grips with the clear and undeniable truth that this action was removed without basis.  Mr. Angell removed the action in

objective and subjective bad faith for the very purpose of delaying the lawful

proceedings that were in progress in state court.  Rule 11 sanctions are appropriate.

## IV

The "selection of the type of sanction to be imposed [for a violation of Rule

11] lies within the district court's sound exercise of discretion."  *Donaldson*, 819

F.2d at 1557.  The rule itself does, however, provide a substantial limitation:

> A sanction imposed for violation of this rule shall be limited to what
> is sufficient to deter repetition of such conduct or comparable conduct
> by others similarly situated.

Fed. R. Civ. P. 11(c)(2).  In the case at bar, the appropriate sanction is an award of

attorney's fees.

A determination of the amount of sanctions ought not unnecessarily become

a second major litigation.  From the circumstances of this case and knowledge of

the legal community, I conclude that a sanction sufficient to deter repetition of Mr.

Angell's conduct or comparable conduct by other parties or attorneys does not

exceed $2,500.  No award will be made in excess of that amount.  An award will,

however, be made in the amount of attorney's fees, including expenses, reasonably

incurred by the Bank in securing remand of this action, up to a maximum of

$2,500.  Further proceedings to determine the amount of fees will go forward

under Local Rule 54.1(E).

Accordingly,

IT IS ORDERED:

It is hereby determined that defendant Dan R. Angell removed this action in violation of Federal Rule of Civil Procedure 11 and that attorney's fees not exceeding $2,500 should be imposed as a sanction.  Pursuant to Local Rule 54.1, plaintiff Discover Bank is hereby determined to be entitled to an award of attorney's fees reasonably incurred in securing remand of this action, not exceeding $2,500.  Further proceedings to determine the amount of fees to be awarded will go forward under Local Rule 54.1(E).

SO ORDERED this 9th day of May, 2005.

s/Robert L. Hinkle
Chief United States District Judge